JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

11 CIV 1780

HAMLET SANTANA,

                Plaintiff,

    -against-                            **COMPLAINT**

THE CITY OF NEW YORK,
JOHN WALTERS and BRIAN JAY,

                Defendants.             **PLAINTIFF DEMANDS**
                                                    **A TRIAL BY JURY**

------------------------------------X

        Plaintiff Hamlet Santana, by his attorneys, Reibman & Weiner, as for his complaint against the defendants, alleges, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

        1.     At all relevant times herein, plaintiff Hamlet Santana was a male resident of the County of the Bronx, within the City and State of New York.

        2.     At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.     Upon information and belief, defendant John Walters, shield 08581, at all relevant times herein is employed by the City of New York as a member of the NYPD. The defendant is sued in both his official and individual capacities.

4. Upon information and belief, defendant Brian Jay, shield 29733, at all relevant times herein is employed by the City of New York as a member of the NYPD. The defendant is sued in both his official and individual capacities.

5. Upon information and belief, at all relevant times herein each of the individual defendants were state actors acting in the course of their employment with the NYPD under color of law.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because the events complained of herein occurred within the Southern District of New York, and because it is the district of residence for the plaintiff.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

10. Plaintiff has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## FACTUAL ALLEGATIONS

11. On February 19, 2010, at or about 3:40 a.m., the plaintiff was lawfully present in front of 3795 10th Avenue, New York, New York.

12. While plaintiff was outside the premises, a fight broke out between several other individuals.

13. Plaintiff was clearly not involved in the fight and at no time was it ever reasonable to believe plaintiff was involved in the fight.

14. Defendants John Walters and Brian Jay arrived at the premises in response to the fight.

15. Defendant Walters struck plaintiff on the head with an unknown object, causing plaintiff to lose consciousness.

16. The defendants seized the plaintiff and placed him under arrest while plaintiff was still unconscious.

17. At no time did the defendants have adequate legal cause to detain, seize or arrest plaintiff, nor could defendants have reasonably believed that such cause existed.

18. At no time during these events did plaintiff strike or otherwise attempt to strike any of the officers, resist arrest, or otherwise engage in any unlawful conduct. No probable cause existed for plaintiff's arrest, and there was no reasonable basis to believe such cause existed.

19. At no time was there any basis to use any force against plaintiff, much less the amount of force actually used, nor was it reasonable to believe that such force was necessary.

20. The plaintiff was transported to the 34th Precinct station house for processing.

21. Plaintiff did not regain consciousness until present in the holding cell at the 34th Precinct.

22. Some time later the plaintiff was transported to Central Booking in New York County where he was imprisoned for more than 40 hours.

23. Plaintiff was released from defendants' custody after posting bail.

24. The New York County District Attorney prosecuted the case and eventually offered an adjournment in contemplation of dismissal.

25. At all times relevant herein, each of the defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. Defendants willfully and intentionally seized, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

28. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

29.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

31.     Plaintiff repeats the allegations contained in paragraphs "1" through "30" above as though stated fully herein.

32.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

33.     Upon information and belief, defendant knew that there was inadequate supervision within the NYPD prior to plaintiff's arrest with respect to its members' abuse of their authority, use of excessive force and abuse of arrest powers. Despite the prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

34. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

35. Defendant City of New York also deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of authority by its employees and agents, or the acts of omission and commission designed to cover up said bad acts, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible arrests, detentions, and uses of force in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, up to and beyond the plaintiff's arrest.

36. By reason thereof, defendant have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

37. Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38. Plaintiff was subjected to excessive force, false arrest and false imprisonment by the defendants.

39. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in paragraphs "1" through "39" above as though stated fully herein."

41. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary police and law enforcement conduct with respect to any interaction with plaintiff.

42. The police and law enforcement conduct engaged in and rendered to plaintiff by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

43. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiff was caused to sustain severe and irreparable personal injury and damage.

44. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injury, mental anguish, and to be unlawfully incarcerated.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the causes of action one through four, actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       March 14, 2010

REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743